UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARBARA ORBAN,

    Plaintiff,

v.                                          CASE NO: 8:04-cv-1904-T-23MAP

CITY OF TAMPA,

    Defendant.

_____/

## **ORDER**

While driving on city streets in Tampa, Florida, Barbara Orban failed to stop her vehicle before colliding with the vehicle in front of her. Orban telephoned the City of Tampa police to report the accident and waited at the scene. Two officers arrived and, after investigating the accident, cited Orban for careless driving.[1] Orban appeared at a civil traffic court hearing to contest the citation. Although initially adjudged guilty, Orban sought a rehearing that resulted in dismissal of the charges against her.

Alleging that the officers issued the citation even though Orban violated no traffic law, Orban sues the City of Tampa (the "City") for malicious prosecution in violation of 42 U.S.C. § 1983 and for a violation of Orban's "right to due process of law guaranteed

---

[1]Florida Statutes § 316.1925 states:

> Any person operating a vehicle upon the streets or highways within the state shall drive the same in a careful and prudent manner, having regard for the width, grade, curves, corners, traffic, and all other attendant circumstances, so as not to endanger the life, limb, or property of any person. Failure to drive in such manner shall constitute careless driving and a violation of this section.

by the United States Constitution." The complaint alleges that the City employs unconstitutional "policies, practices and customs designed to increase insurance premium tax revenues that accrue to the Tampa police pension fund." By suing the City, Orban "seeks to address practices developed by the Tampa Police Department that are alleged to be a violation of [ ] constitutional rights."

The City moves (Doc. 52) to dismiss the malicious prosecution claims and moves for summary judgment on the claim for violation of a constitutional right to due process. Orban moves unopposed to "continue the response to the motion for summary judgment." The motion (Doc. 64) is construed as an unopposed motion to deny the City's motion for summary judgment without prejudice and is **GRANTED**. The motion (Doc. 52) for summary judgment on count four is **DENIED** without prejudice. Orban opposes the motion to dismiss the claims for malicious prosecution.

Section 1983 provides no substantive federal right and no independent right exists to be free from malicious prosecution. Albright v. Oliver, 510 U.S. 266, 269 (1994) (plurality opinion) (section 1983 provides no substantive rights, "but merely provides 'a method for vindicating federal rights elsewhere conferred.'" [quoting Baker v. McCollan, 443 U.S. 137, 145 n. 3 (1979)]). Accordingly, a federal claim for malicious prosecution pursuant to Section 1983 "requires the violation of a federally protected right." Whiting v. Traylor, 85 F.3d 581, 583 (11th Cir. 1996); see also Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003) ("Our court has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983" [citing Uboh v. Reno, 141 F.3d 1000, 1002-4 (11th Cir. 1998); Whiting v.

Traylor, 85 F.3d 581, 584 (11th Cir. 1996); and Kelly v. Curtis, 21 F.3d 1544, 1554-55 (11th Cir. 1994)]). Orban alleges as predicates to her Section 1983 claims the violation of her Fourth Amendment right to be free from unreasonable seizure and her Fourteenth Amendment right to procedural due process.

Although containing a fatal flaw, the complaint's Fourth Amendment malicious prosecution claim alleges that the officers unreasonably detained Orban in violation of her right to be free from an unreasonable seizure. To state a claim for malicious prosecution, Orban must not only demonstrate the constitutional violation but must demonstrate that the violation occurred as the result of the initiation of a prosecution. Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004); Whiting v. Traylor, 85 F.3d 581, 584 (11th Cir. 1996) ("the common law tort 'most closely analogous' to [a seizure pursuant to legal process] is that of malicious prosecution."); Heck v. Humphrey, 512 U.S. 477, 484 (1994) ("The common-law cause of action for malicious prosecution provides the closest analogy to claims of the type considered here because, unlike the related cause of action for false arrest or imprisonment, it permits damages for confinement imposed pursuant to legal process."); see also Nieves v. McSweeney, 241 F.3d 46, 54 (1st Cir. 2001) ("The tort of malicious prosecution permits damages for a deprivation of liberty--a seizure--*pursuant to legal process.*" [citing Heck]); Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995) ("The essence of malicious prosecution is the perversion of proper legal procedures." [quoting Broughton v. State of New York, 37 N.Y.2d 451, 373, cert. denied, 423 U.S. 929 (1975)]); Torres v. McLaughlin, CIV.A.No. 96-5865, 1996 WL 680274 *4 (E.D. Pa. Nov. 21, 1996) (to

assert a Section 1983 claim for malicious prosecution under the Fourth Amendment, the seizure must have been effected "pursuant to legal process." [quoting Heck]).

Pursuant to Florida law, the uniform traffic citation constitutes the charging document and initiates prosecution of the traffic violation. Ivory v. State, 588 So.2d 1007, 1008 (Fla. 5th DCA 1991) ("Florida Rules for Traffic Courts evince a clear intent that the uniform traffic citation constitute the charging document"). Accordingly, only a seizure occurring after the issuance of the citation may serve as a predicate for a Section 1983 malicious prosecution claim based on a traffic violation. Orban alleges that the officers arrived at the scene and detained her while investigating the accident. Upon receiving the citation for careless driving, Orban was free to leave. Orban's alleged "seizure" occurred, if at all, before the initiation of the prosecution and fails to qualify as a possible predicate for a Fourth Amendment claim based on malicious prosecution.

Further, to the extent Orban asserts that the citation constitutes a "continuing seizure" pending her hearing, the complaint fails to state a claim. To constitute a transgression of the Fourth Amendment through the initiation and pursuit of a charge, the prosecution "must at a bare minimum have occasioned a deprivation of liberty consistent with the concept of a seizure." Nieves v. McSweeney, 241 F.3d 46, 54 (1st Cir. 2001) (citation omitted). The civil traffic citation imposed not the slightest deprivation of liberty on Orban pending her hearing. Williams v. Chai-Hsu Lu, 335 F.3d 807, 809 (8th Cir. 2003) ("A court's mere acquisition of jurisdiction over a person in a civil case by service of process is not a seizure under the fourth amendment."); Nieves

v. McSweeney, 241 F.3d 46, 56 (1st Cir. 2001) ("the view that an obligation to appear in court to face criminal charges constitutes a Fourth Amendment seizure is not the law"); see also Whiting v. Traylor, 85 F.3d 581, 583 (11th Cir. 1996) (citing the Seventh Circuit's rejection of the theory of "continuing seizure" in Reed v. City of Chicago, 77 F.3d 1049, 1052 n. 3 (7th Cir. 1996), and stating "[w]e also have questions about the theory [of "continuing seizure]").

No possible construction of Orban's allegations describes a "seizure" occurring as the result of the initiation of a prosecution. Accordingly, Orban's Section 1983 claim alleging malicious prosecution in violation of the Fourth Amendment fails to state a claim and count one is **DISMISSED WITH PREJUDICE**.

Orban presses two Section 1983 malicious prosecution claims in violation of the procedural component of the Due Process Clause. Count two asserts that:

> The State of Florida does not have an adequate remedy to redress the conduct alleged in that under Florida law the City of Tampa cannot be sued for a malicious prosecution of its officers even though it is proximately cause by its policies, practices and customs.

Count three cites Zinermon v. Burch, 110 S. Ct. 975 (1990), and asserts that:

> Notwithstanding any state remedies which may be alleged to exist, the defendant City of Tampa's policies, practices and customs create a risk of deprivation of the plaintiff's liberty or property. That deprivation was foreseeable to the defendant. The defendant could have reduced the risk either through additional pre-deprivation safeguards or by limiting its discretion in implementing established procedures and the defendants were authorized to implement the requisite safeguards.

Orban argues that the complaint's allegations demonstrate that the procedural component of the Due Process Clause serves as a legitimate predicate for a malicious prosecution claim. Citing Albright v. Oliver, 510 U.S. 266 (1994), the City argues perfunctorily that a federal claim for malicious prosecution "[does] not lie under Fourteenth Amendment, but rather, ha[s] to be brought pursuant to the Fourth Amendment, because the latter is the explicit source of prohibitions against pretrial deprivations of liberty." Albright states that no federal claim for malicious prosecution exists under the Fourteenth Amendment's substantive due process component. Albright v. Oliver, 510 U.S. 266, 274 (1994); U.S. Steel, LLC, v. Tieco, Inc., 261 F.3d 1275, 1289 (11th Cir. 2001) (citing Albright and stating no right under the substantive component of the Due Process Clause exists to be free from prosecution without probable cause). However, Albright fails to explicitly preclude a malicious prosecution claim pursued pursuant to the procedural due process component.

Further, "[w]hether a malicious prosecution claim can be brought via the procedural component of the Due Process Clause is an open question in [the Eleventh C]ircuit." U.S. Steel, LLC, v. Tieco, Inc., 261 F.3d 1275, 1289 (11th Cir. 2001); cf. Whiting v. Traylor, 85 F.3d 581, 584 n.4 (11th Cir. 1996) ("referring to a federal 'right' to be free from malicious prosecution is actually a description of the right to be free from an unlawful seizure which is part of a prosecution"). Accordingly, neither the Eleventh Circuit nor the Supreme Court has determined whether a Section 1983 claim arises under the Fourteenth Amendment's procedural due process component. The City's motion (Doc. 52) to dismiss counts two and three is **DENIED**.

Even if Orban establishes a claim for malicious prosecution in violation of the procedural component of the Due Process Clause, Orban must demonstrate the underlying elements of a claim for malicious prosecution.[2]  U.S. Steel, LLC, v. Tieco, Inc., 261 F.3d 1275, 1289 (11th Cir. 2001) ("Even if we were to accept the proposition that [a cause of action for malicious prosecution pursuant to procedural due process] existed, the plaintiff would be required, at the very least, to establish the common-law tort of malicious prosecution, including the absence of probable cause.").

Orban bears the "onerous burden" of demonstrating a lack of probable cause for the prosecution of the civil traffic citation for careless driving.  Martinez v. Brink's, Inc., No. 04-14609, 2006 WL 551239 *3 (11th Cir. Mar. 08, 2006) (citing Burns v. GCC Beverages, Inc., 502 So.2d 1217, 1219 (Fla. 1986)).  Orban must demonstrate the proceeding was initiated "without a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged."  Burns v. GCC Beverages, Inc., 502 So.2d 1217, 1219 (Fla. 1986).  Accordingly, Orban must demonstrate that the investigating officers lacked probable cause to issue a citation for careless driving after Orban failed to stop her vehicle before colliding with the vehicle in front of her.

---

[2] The common law tort of malicious prosecution comprises four elements:  (1) a prosecution instituted or continued by the defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff's favor; and (4) caused damage to the plaintiff.  See e.g. Wood v. Kesler, 323 F.3d 872, 882 (11th Cir. 2003).

The parties are directed to conduct discovery and to submit motions for summary judgment on the limited issue of whether probable cause existed for the initiation and pursuit of the civil traffic prosecution for careless driving.  See e.g. Martinez v. Brink's, Inc., No. 04-14609, 2006 WL 551239 *3 (11th Cir. Mar. 08, 2006) ("probable cause is purely a matter of law for the court where the material facts are undisputed" [citing Endacott v. Int'l Hospitality, Inc., 910 So. 2d 915, 922 (Fla. 3d DCA 2005) and Beizer v. Judge, 743 So. 2d 134, 137 (Fla. 4th DCA 1999)]).  The summary judgment motions and oppositions will be supported by affidavits pursuant to Rule 56(e), Federal Rules of Civil Procedure.  On or before **April 17, 2006**, the parties will submit a proposed discovery schedule on the limited issue of whether probable cause existed and proposed schedule for the submission of motions for summary judgment.

No court appearance is scheduled in this case.  Accordingly, the defendant's motion (Doc. 60) for authorization to enter the courthouse with a computer, portable printer, and cellular telephone is **DENIED**.  The City's motions to strike (Docs. 55, 56, 66) are **DENIED**.

ORDERED in Tampa, Florida, on April 4, 2006.

/s/ Steven D. Merryday
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   US Magistrate Judge
      Courtroom Deputy